IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESSOCIATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AZOOGLE.COM, INC., and EPIC MEDIA GROUP, INC., <br><br> Defendants. | CASE NO. 11-cv-727-bbc |

### K&L GATES, LLP'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL

The law firm of K&L Gates, LLP, Steven G. Schortgen, Jennifer Klein Ayers, Seth Gold, and Jim Warriner (collectively, "K&L Gates") respectfully move to withdraw as counsel for Defendants Azoogle.com, Inc. and Epic Media Group, Inc., f/k/a Azoogle.com, Inc. (collectively, "Defendants").

Good Cause exists for granting K&L Gates's Unopposed Motion to Withdraw as Counsel. Defendants have failed substantially to fulfill their obligation to pay attorneys' fees to K&L Gates in connection with this lawsuit. Furthermore, K&L Gates provided Defendants with reasonable notice of its intent to withdraw absent payment of the attorneys' fees incurred to date. Additionally, the continued representation of Defendants will result in an unreasonable financial burden on K&L Gates in light of Defendants' apparent inability to pay both the attorneys' fees incurred to date and reasonable attorneys' fees necessary to litigate this dispute on an ongoing basis.

For the foregoing and following reasons, K&L Gates respectfully requests that the Court grant its Unopposed Motion to Withdraw and would show the Court as follows:

1.  Pursuant to a signed engagement agreement between K&L Gates and Defendants, K&L Gates has represented Defendants throughout the pendency of this dispute. Exhibit A, Declaration of S. Schortgen at ¶ 2. The engagement agreement provides for the prompt payment of all attorneys' fees incurred in connection with K&L Gates's representation of Defendants. *Id.* at ¶ 3. The engagement agreement also provides that K&L Gates may cease its representation of Defendants in the event Defendants fail to pay timely its attorneys' fees. *Id.* at ¶ 4.

2.  For an extended period of time, Defendants have been unable to pay the attorneys' fees incurred in connection with this case. *Id.* at ¶ 5. Defendants are currently indebted to K&L Gates for a significant amount of fees representing many months of work on the case. *Id.*

3.  In April 2012, K&L Gates discussed Defendants' failure to pay timely the attorneys' fees incurred in connection with this case with Defendants' General Counsel. *Id.* at ¶ 6. K&L Gates informed Defendants that it would seek to withdraw from the case if Defendants did not pay the attorneys' fees incurred to date. *Id.*

4.  On May 18, 2012, K&L Gates sent a letter to Defendants' General Counsel seeking prompt payment and informing him of K&L Gates's intention to withdraw if Defendants remained unable to pay the attorneys' fees currently due. *Id.* at ¶ 7.

5.  Additionally, Steve Schortgen, counsel for Defendants, conferred with John DuWors, counsel for Plaintiff, regarding K&L Gates's intention to withdraw from the case. Plaintiff does not oppose this Motion.

6.  Wisconsin Supreme Court Rule 20:1.16(b) provides that a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will

withdraw unless the obligation is fulfilled," "the representation will result in an unreasonable financial burden on the lawyer," or "other good cause for withdrawal exists."

7. Good cause exists for granting K&L Gates's Unopposed Motion to Withdraw as Counsel. Defendants have failed substantially to fulfill their obligation to pay attorneys' fees to K&L Gates in connection with this lawsuit. Exhibit A, Declaration of S. Schortgen at ¶ 5. K&L Gates provided Defendants with reasonable notice that it will withdraw unless Defendants pay the attorneys' fees incurred to date. *Id.* at ¶¶ 6–7. Since that time, Defendants remain indebted to K&L Gates for a significant amount of fees. *Id.* at ¶ 8.

8. Additionally, the continued representation of Defendants will result in an unreasonable financial burden on K&L Gates in light of Defendants' inability to pay both the attorneys' fees incurred to date and reasonable attorneys' fees necessary to litigate this dispute.

9. Defendants' General Counsel does not oppose K&L Gates's Motion to Withdraw, and Defendants currently employ multiple in-house lawyers. *See Id.* at ¶ 7. Furthermore, counsel for Plaintiff has indicated that it does not oppose granting K&L Gates's Motion to Withdraw.

For the foregoing reasons, K&L Gates respectfully requests that the Court grant its Unopposed Motion and permit it to withdraw from the case.

Dated: June 7, 2012                                 Respectfully submitted,

*/s/ Steven G. Schortgen*
Steven G. Schortgen
  Texas Bar No. 00794603
  steve.schortgen@klgates.com
Jennifer Klein Ayers
  Texas Bar No. 24069322
  jennifer.ayers@klgates.com
**K&L GATES LLP**
1717 Main Street, #2800
Dallas, Texas 75201
214.939.5500
214.939.5849 *Facsimile*
**Admitted** *pro hac vice*

Seth A. Gold
  California Bar No. 163220
  seth.gold@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
310.552.5000
310.552.5001 *Facsimile*
**Admitted** *pro hac vice*

James G. Warriner
  Texas Bar No. 24070813
  jim.warriner@klgates.com
**K&L GATES LLP**
111 Congress Ave., Suite 900
Austin, Texas 78701
512.482.6800
512.482.6859 *Facsimile*
**Admitted** *pro hac vice*

**ATTORNEYS FOR DEFENDANT EPIC MEDIA GROUP, INC., f/k/a AZOOGLE.COM, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with John DuWors, counsel for Plaintiff, regarding the foregoing Motion. Plaintiff does not oppose the relief sought herein.

/s/ Steven G. Schortgen
Steven G. Schortgen

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure via the Court's electronic filing system (ECF). I further certify that a copy of the foregoing document has been served on David Graff, General Counsel to Epic Media Group, Inc.

/s/ Steven G. Schortgen
Steven G. Schortgen