IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ESSOCIATE, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:11-cv-00727-bbc |
| AZOOGLE.COM, INC., and EPIC MEDIA GROUP, INC., | § § § § | |
| Defendants. | § | |

DECLARATION OF JAMES D. PETERSON

I, James D. Peterson, do hereby declare and state as follows:

1. I am an attorney and shareholder with Godfrey & Kahn, S.C. I make this declaration in response to Essociate's motion for leave to amend its complaint to allege claims against Social Assets, LLC, which does business under the name Kinetic Social. I make this declaration on the basis of my personal knowledge.

2. I had been engaged first as local counsel for defendants Azoogle.com, Inc. and Epic Media Group, Inc. (formerly known as Azoogle.com, Inc.). As the Court is aware, Godfrey & Kahn, S.C. moved to withdraw from representing the defendants in this case on June 7, 2012. The Court granted that motion on June 8.

3. Since July 5, 2012, Godfrey & Kahn, S.C. has been engaged in the role of lead counsel for the defendants. I am the Godfrey & Kahn attorney with primary responsibility for this case.

4. Immediately after Godfrey & Kahn appeared as lead counsel for the defendants on July 5, 2012, I informed the Court of the defendants' intent to seek an amendment to the scheduling order by means of a motion for a status conference.  Dkt. No. 41.

5. Within five minutes of my filing a notice of appearance in this matter on July 5, counsel for the plaintiff contacted me to ask if Epic Media would be appearing for the Rule 30(b)(6) deposition in New York.  A true and correct copy of this email, and the subsequent exchange, is attached as Exhibit A.

6. I responded (twelve minutes later, at about 10:39 a.m., despite the time notation on the printed version of my email showing an earlier transmission at 8:39 a.m.) that Godfrey had just been retained and that I would not be able to defend the deposition in New York the next day and that consequently Epic Media would not be appearing.  I did, however, offer to work with plaintiff's counsel to reschedule the deposition.  See Exhibit A

7. Exhibit A also includes counsel's subsequent email exchange on the subject.

8. I prepared a proposal for a stipulated motion to amend the remaining dates in the scheduling order, which I sent to plaintiff's counsel on July 9, 2012.  After some discussion by email, the joint motion was filed on July 10, 2012.

9. On July 12, 2012, counsel for both sides conferred by telephone regarding deposition scheduling and other case scheduling matters.  After this conference and some follow-up email, counsel reached an agreement on July 18, 2012, that defendants would put up their fact witnesses in Chicago in the first week of October and the plaintiffs would put up their witnesses in Chicago in the second week of October.  A true and correct copy of my email confirming this agreement is attached as Exhibit B.

10. At no time in the discussions the lead to the amendment of the scheduling order and the scheduling of depositions did counsel for Essociate even mention the issue of potential successor liability claims against Social Assets. The first I heard of these potential claims was when Essociate filed its motion to amend the its complaint on August 6, 2012.

11. The parties have engaged in substantial written discovery. Both sides have served and responded to interrogatories and requests for production. The parties have produced some 1,683 documents. Eight hundred seventy five of these amount to more than 31,000 pages; 808 of them are in native formats, the size of which cannot readily be determined in pages.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated August 20, 2012.

*s/James D. Peterson*
James D. Peterson

8347995_1