IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESSOCIATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AZOOGLE.COM, INC., and EPIC MEDIA GROUP, INC., <br><br> Defendants. | CASE NO. 3:11-cv-00727-bbc |

**REPLY IN SUPPORT OF ESSOCIATE, INC.'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**I.      INTRODUCTION**

Plaintiff Essociate, Inc. respectfully requests that the Court grant its motion for leave to amend and permit it to file its proposed first amended complaint. Essociate seeks to add claims against Social Assets, LLC on the basis that Social Assets is the successor in interest to Defendant Epic Media Group, Inc., that they are alter egos, and that Epic fraudulently transferred assets to Social Assets in order to defraud creditors, including Essociate. Epic's opposition does not provide a basis for this Court to deny Essociate leave, which should be "freely" given under Fed. R. Civ. P. 15(a).

**II.      DISCUSSION**

**A.      Epic formed Social Assets, LLC shortly after this lawsuit was filed.**

Epic's opposition confirms Essociate's theories and provides no indication that the Court should deny Essociate's motion. In fact, Epic confirms that <u>after this lawsuit was filed</u>, Social Assets was formed. Epic asserts that it did not transfer any assets to Social Assets, but does not explain why (as noted in the materials provided in support of Essociate's motion) Social Assets published on its website that its Kinetic Social business

1

originally started at Epic and was transferred to Social Assets: Kinetic Social "began under the [Epic] umbrella" in 2010. (*See* Declaration of Derek Linke in Support of Motion for Leave to File Amended Complaint at ¶ 2, Ex. A.) Nor does Epic deny that following the transfer of those assets, Epic began telling its creditors that it lacked assets to pay them the amounts owed.

**B.     Epic's claims of delay and prejudice are based on the position that Essociate should have learned of Epic's conduct earlier despite Epic's failure to disclose its creation of Social Assets and its transfer of assets to that new entity.**

Epic's opposition is primarily based on two inadequate arguments. First, that Essociate delayed its request for leave to amend and has prejudiced Epic and Social Assets as a result. But while Epic is correct that it began transferring assets to Social Assets long ago, and that online commentators noted Epic's efforts to avoid its creditors several months ago, there is no indication that Essociate had any information about these activities until recently.

Nor could Essociate have been expected to know any of this—Epic concealed these activities during this litigation. For example, Epic did not identify its parent company in its corporate disclosures as required by Fed. R. Civ. P. 7.1, and failed to disclose its parent or the transfer of assets to Social Assets in discovery responses or disclosures. And neither Epic nor Social Assets have been prejudiced—Essociate recently agreed to a lengthy extension of the case schedule to accommodate Epic's alleged financial difficulties. As a result, trial of this matter has been postponed for nearly half of a year to Essociate's detriment.

Moreover, Essociate continues to learn new details about Epic and Social Assets' scheme. At no point until it filed its opposition did Epic ever disclose the existence of its

parent company or the fact that—*during this lawsuit*—Epic's corporate structure was reorganized into a new corporate entity. (*See* Declaration of David Graff at ¶ 7.) Nor did Epic ever disclose the existence of its parent corporation as required by Fed. R. Civ. P. 7.1. While carrying out its scheme, Epic has trickled out the bare minimum of information and even then only disclosed that as necessary. Epic and Social Assets should not be permitted to dodge liability as a reward for successfully concealing their relationships and activities.

Additionally, Epic fails to note that for the last several months, Epic appeared to be headed towards a default judgment. Epic's counsel withdrew in early June, and until late July, it appeared that Essociate would need to move for default against Epic because it was unrepresented by counsel. If that were the case, Essociate would have obtained a default judgment and then proceeded with either a separate lawsuit or post-judgment enforcement against Social Assets.

Second, Epic claims that Essociate's proposed amendment is futile because Essociate's amendment could not survive summary judgment. But Epic overstates the sole authority it provides in support of this proposition. In *Bethany Pharmacal Co. v. QVC, Inc.*, the plaintiff waited to request leave to amend until after the close of discovery and then only in its opposition to the defendant's summary judgment motion. 241 F.3d 854, 862 (7th Cir. 2001). The *Bethany* court denied the request for leave to amend because the plaintiff's proposed amended pleadings failed to include basic facts required to support its claims. *Id*. at 861.

In contrast, Essociate's proposed amendment indicates it would prevail on its claims following discovery proving those allegations are true. In determining whether

3

proposed claims are futile, the Seventh Circuit considers whether the claims meet the "minimal requirements of notice pleading." *Smart v. Local 702 IBEW*, 562 F.3d 798, 811 (7th Cir. 2009). Epic cannot point to any specific deficiency in Essociate's proposed amendments, instead it simply denies them. That is not proof that Essociate's proposed claims are futile, but only that Epic and Social Assets would deny them like every defendant in every civil lawsuit. Essociate has stated a claim for relief and should be permitted to take discovery to untangle Epic's scheme.

Over the past year, Epic and Social Assets have slowly unrolled their plan to defraud Epic's creditors and move valuable assets to a new corporate entity. Epic and Social Assets should not be permitted to escape liability for those actions merely because they carried them out surreptitiously. Essociate respectfully requests that the Court grant it leave to file its first amended complaint.

### III.   CONCLUSION

Epic and its former management have slowly unrolled a plan over the past year to shed Epic's liabilities while smuggling Epic's sole remaining asset—the Kinetic Social business—to a new corporate entity. Epic never disclosed these activities in discovery and Essociate should not be barred from challenging Epic's transfer merely because Essociate did not puzzle together Epic's plan until it was pointed out by a third party. And neither Epic not Social Assets have been prejudiced—Epic just received a lengthy extension to the case schedule to accommodate its alleged financial difficulties.

Essociate respectfully requests that the Court grant it leave to file a First Amended Complaint as attached to its motion.

Dated this 27th day of August, 2012.

        NEWMAN DU WORS LLP

        /s/ Derek Linke
        Derek A. Newman
        Derek Linke
        John Du Wors
        1201 Third Avenue, Suite 1600
        Seattle, WA  98101
        Telephone: (206) 274-2800
        Facsimile: (206) 274-2801
        *derek@newmanlaw.com*
        *linke@newmanlaw.com*
        *duwors@newmanlaw.com*

        Attorneys for Plaintiff Essociate, Inc.