IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ESSOCIATE, INC.,

                                                          ORDER

                    Plaintiff,

                                               11-cv-727-bbc

   v.

AZOOGLE.COM, INC. and
EPIC MEDIA GROUP, INC.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this patent infringement action, plaintiff Essociate, Inc. filed a complaint in which it asserted one claim against defendants Azoogle.com and Epic Media Group, Inc. for infringement of plaintiff's United States patent 6,804,660. Now plaintiff has filed a motion to amend its complaint, contending that Epic Media Group has unlawfully transferred assets to a company called Social Assets LLC, doing business as Kinetic Social, to avoid paying debts to potential creditors, including plaintiff. Dkt. #47. Plaintiff seeks to add claims of successor liability, alter ego liability and fraudulent transfer against Epic Media Group, Social Assets LLC and the officers of the companies that were involved in the transfer (identified in the proposed amended complaint as Does 1-10). Plaintiff contends that it must add these claims to insure recovery on its patent infringement claim. Because plaintiff's request comes after the deadline for amendments to pleadings set out in the pretrial conference order, dkt. #11, plaintiff has requested leave of the court for the

amendment.

Motions to amend the complaint are governed by Fed. R. Civ. P. 15(a)(2), which provides that courts should "freely give leave [to amend] when justice so requires." Courts have broad discretion to deny amendment where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile. Johnson v. Cypress Hill, 641 F.3d 867, 871-72 (7th Cir. 2011). Defendants object to the proposed amended complaint in this case, contending that it is untimely, will cause them undue prejudice and is futile.

I am granting the motion. Plaintiff did not delay unduly in seeking to amend its complaint. Plaintiff alleges that it received information about defendant Epic Media's transfer of assets and formation of Kinetic Social in June 2012. At that time, the case had been pending for several months but had not progressed very far, partly because of defendants' financial difficulties. In June 2012, defendants' counsel moved to withdraw, stating that they had not been paid. Plaintiff filed a motion for entry of default against defendants, and it appeared likely that the motion would be granted. However, defendants' counsel reappeared in the case in July 2012 and requested a new schedule for the case, stating that "this case is still at a relatively early stage, [and] an amendment to the scheduling order will not be unduly prejudicial to either side." Dkt. #41. The magistrate judge set a new schedule, adding several months to the schedule and setting trial for August 12, 2013. Less than two months after it received information about Kinetic Social and less than one month after the new schedule was set, plaintiff filed its motion for leave to amend.

In light of the circumstances, that is not undue delay. Additionally, the new schedule allows the parties plenty of time to conduct discovery regarding plaintiff's new claims.

Defendants also contend that the amended complaint should be rejected as futile because plaintiff's claims are based on speculation and false information and "could not survive a motion for summary judgment." Dft.'s Br., dkt. #52, at 5. Defendant cites Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001), in which the court of appeals stated that "[a]n amendment is futile if the added claim would not survive a motion for summary judgment." However, in that case and in others in which the court of appeals used similar language, the plaintiff filed motions to amend when the cases had progressed to the summary judgment stage. Id. at 861-62 (discovery had closed and motions for summary judgment had been briefed); Dewitt v. Proctor Hospital, 517 F.3d 944, 949 (7th Cir. 2008) (district court had already granted motion for summary judgment when it decided motion to amend); King ex rel. King v. East St. Louis School District 189, 496 F.3d 812, 819 (7th Cir. 2007) (summary judgment had been filed and briefed before motion to amend was filed).

In this case, neither side has moved for summary judgment and dispositive motions are not even due until February 1, 2013. At this stage of the case, the applicable standard is whether plaintiff's proposed amendment can withstand a motion to dismiss. Crestview Village Apartments v. United States Dep't of Housing & Urban Development, 383 F.3d 552, 558 (7th Cir. 2004); Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Commission, 377 F.3d 682, 687 (7th Cir. 2004); Garcia v. City of Chicago, 24 F.3d 966, 970 (7th Cir.

1994).  Defendants have not pointed to any specific deficiency in the pleading of plaintiff's proposed amended complaint and the amendments are not clearly futile.

ORDER

IT IS ORDERED that plaintiff Essociate, Inc.'s motion to amend its complaint, dkt. #47, is GRANTED.

Entered this 13th day of September, 2012.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge