IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESSOCIATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AZOOGLE.COM, INC., EPIC MEDIA GROUP, INC., SOCIAL ASSETS LLC d/b/a KINETIC SOCIAL, and DOES 1-10; <br><br> Defendants. | CASE NO. 11-cv-727-bbc <br><br> DEMAND FOR JURY TRIAL |

## FIRST AMENDED COMPLAINT

Plaintiff Essociate, Inc. hereby alleges for its First Amended Complaint against defendants Azoogle.com, Inc., Epic Media Group, Inc., Social Assets LLC doing business as Kinetic Social, and Does 1-10, on personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

### NATURE OF THE ACTION

1. Essociate is suing Azoogle and Epic for patent infringement under 35 U.S.C. § 271.

2. Essociate is suing Social Assets LLC because it is Epic's successor.

3. Essociate is suing Social Assets and Does 1–10 because they are Epic's alter egos.

4. Essociate is also suing Epic, Social Assets, and Does 1–10 because Epic fraudulently transferred and continues to fraudulently transfer assets to Social Assets and Does 1-10 in an attempt to defraud Epic's creditors, including Essociate.

## PARTIES

5. Plaintiff Essociate, Inc. is a Delaware corporation with its principal place of business in California.

6. Essociate is the owner of U.S. Patent No. 6,804,660 ("the '660 Patent"), entitled "System Method and Article of Manufacture for Internet Based Affiliate Pooling", issued October 12, 2004 (copy attached as Exhibit A).

7. Essociate is the owner of the entire right, title, and interest in the '660 Patent and has standing to sue for all past, present, and future infringement of the '660 Patent.

8. Upon information and belief, Defendant Epic Media Group, Inc. is a Delaware corporation with its principal business address at 512 Seventh Avenue, Twelfth Floor, New York, New York 10018. Upon information and belief, Epic Media Group, Inc. transacts business and has provided to customers in this judicial district and throughout the State of Wisconsin products and/or services that infringe and/or induce infringement of, and/or contribute to infringement of, one or more claims of the '660 Patent.

9. Upon information and belief, Defendant Azoogle.com, Inc. is an Ontario, Canada corporation with its principal business address at 60 Columbia Way #310, Markham, Ontario L3R0C9, Canada. Upon information and belief, Azoogle.com, Inc. transacts business and has provided to customers in this judicial district and throughout the State of Wisconsin products and/or services that infringe and/or induce infringement of, and/or contribute to infringement of, one or more claims of the '660 Patent.

10. Upon information and belief, Defendants Epic and Azoogle have and/or continue to manufacture, import into the United States, sell, offer for sale, and/or use online affiliate network marketing software that infringes one or more claims of the '660 Patent including, without limitation, claims 1, 10, 15, 23, 28, and 36. Upon information and belief, such software products have been offered and are offered for sale to customers in this judicial district and throughout the State of Wisconsin.

11. Upon information and belief, Defendant Social Assets LLC is a Delaware limited liability company with its principal business address in New York, New York. Upon information and belief, Social Assets LLC is a mere continuation and alter ego of Epic Media Group, and Epic Media Group and Social Assets LLC collaborated in one or more fraudulent transfers of assets between Epic Media and Social Assets for the purpose of preventing creditors, including Essociate, from collecting funds from Epic Media. Consequently, Social Assets LLC is liable for Epic Media's infringement of the '660 Patent as Epic Media's successor.

12. Essociate is unaware of the true names and capacities of the defendants identified as Does 1-10 and therefore sues those defendants under fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is the alter ego of Epic, is responsible for the fraudulent transfer of Epic's assets to Social Assets, and/or is itself the transferee of fraudulently-transferred Epic assets. These fictitiously named defendants, along with Epic, Azoogle, and Social Assets, are referred to collectively as "Defendants".

## JURISDICTION AND VENUE

13. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Personal jurisdiction over Defendants is proper in this court. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## ESSOCIATE'S BUSINESS AND PATENTED TECHNOLOGY

15. Michael Landau and Evan Horowitz founded Essociate to develop and provide to customers new and more effective affiliate marketing products and services.

16. As a testament to the innovations of Messrs. Landau and Horowitz, they were issued the '660 Patent for the novel affiliate marketing technology they invented.

17. Essociate owns the '660 patent and provides services to many customers throughout the United States based on the technology disclosed in the '660 Patent.

18. Essociate is still owned and controlled by Messrs. Landau and Horowitz.

## DEFENDANTS' INFRINGEMENT OF THE '660 PATENT

19. Upon information and belief, Defendant Epic and Azoogle have infringed and continue to infringe the '660 Patent under 35 U.S.C. § 271(a) by making, using, modifying, upgrading, performing quality control, and providing support for their affiliate marketing software and/or hardware and/or other products and/or services provided by means of that software and/or hardware. The accused products and services include the online affiliate marketing network operated by Defendants at <<http://www.epicdirectnetwork.com>> and previously at <<http://www.azoogleads.com>>.

20. Upon information and belief, Defendants have also been and are directly infringing the '660 Patent under 35 U.S.C. § 271(a) by selling, offering for sale, and/or importing into the United States affiliate marketing software and/or other products and/or services that infringe one or more claims of the '660 patent.

21. Upon information and belief, Defendants' customers and other users of Defendants' software and other products and the services provided by means of that software and/or hardware and other products, have been and are directly infringing one or more claims of the '660 Patent under 35 U.S.C. § 271(a).

22. Upon information and belief, Defendants have been and are actively inducing infringement of one or more claims of the '660 Patent under 35 U.S.C. § 271(b) by providing to customers, including customers in this judicial district, their affiliate marketing software and other products, as well as services provided by means of their affiliate marketing software and other products, along with instructions and directions that result in the use of the methods, computer programs, and systems disclosed and claimed in the '660 Patent. On information and belief, Defendants knew, or should have known, that their customers and other users of their services would use Defendants' affiliate marketing software and other products to infringe the '660 Patent and intended such infringement.

23. Upon information and belief, Defendants have been and are contributorily infringing one or more claims of the '660 Patent under 35 U.S.C. § 271(c) by making, selling, and/or offering for sale to customers, including customers in this judicial district, their affiliate marketing software and other products, as well as services provided by means of their affiliate marketing software and other products. Defendants' affiliate

marketing software and other products are each a material part of the invention claimed in the '660 patent, are not staple articles or commodities of commerce, and have no substantial non-infringing use. Upon information and belief, Defendants knew, or should have known, that their affiliate marketing software and other products were especially made or adapted for an infringing use.

24. Defendants' infringement, contributory infringement, and inducement to infringe the '660 Patent has been willful and has deliberately injured and will continue to injure Essociate unless and until the Court enters a preliminary and permanent injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale, and/or offer for sale of products that infringe the '660 Patent.

### FIRST CAUSE OF ACTION
### INFRINGEMENT OF U.S. PATENT NO. 6,804,660

25. Essociate herein incorporates by reference Paragraphs 1–23.

26. Defendants have infringed and are infringing the '660 Patent by making, using, offering for sale, and selling in the United States, without authority, products and services that infringe one or more claims of the '660 Patent.

27. Defendants' infringement of the '660 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.

28. Defendants' infringement of the '660 Patent is exceptional and entitles Essociate to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

29. Defendants' acts of infringement have caused damage to Essociate, and Essociate is entitled to recover from Defendants compensation as a result of Defendants'

wrongful acts in an amount subject to proof at trial, injunctive relief, and such other relief as may be appropriate.

**SECOND CAUSE OF ACTION
SUCCESSOR LIABILITY
(Against Social Assets, LLC)**

30. Essociate herein incorporates by reference Paragraphs 1–29.

31. Social Assets is a successor to Epic.

32. Epic has committed the tort of patent infringement as alleged herein.

33. Social Assets is liable for Epic's torts because: Social Assets is a mere continuation of Epic, or in the alternative, the transaction in which Epic transferred assets to Social Assets was entered into fraudulently to escape Epic's liability for Epic's torts.

34. Therefore, Social Assets is liable as a successor for Epic's torts, including its infringement of Essociate's '660 Patent.

**THIRD CAUSE OF ACTION
ALTER EGO LIABILITY
(Against Defendants Epic Media Group, LLC, Social Assets, LLC, and Does 1–10)**

35. Essociate herein incorporates by reference Paragraphs 1–34.

36. Social Assets and Does 1–10 control Epic to such a degree that Epic has become a mere instrumentality for Social Assets and Does 1–10.

37. Social Assets and Does 1–10 have committed fraud through Epic by transferring assets and corporate opportunities away from Epic at a time when Epic is undercapitalized in an attempt to defraud Epic's creditors.

38. Social Assets and Does 1–10 have thereby caused unjust loss or injury to Essociate.

39. Therefore, Social Assets and Does 1–10 are alter egos of Epic and are liable for Epic's torts, including its infringement of Essociate's '660 Patent.

## FOURTH CAUSE OF ACTION
## FRAUDULENT TRANSFER
### (Against Defendants Epic Media Group, LLC, Social Assets, LLC, and Does 1–10)

40. Essociate herein incorporates by reference Paragraphs 1–39.

41. Epic has transferred and is continuing to transfer assets to Social Assets and Does 1–10.

42. Those transfers were and are fraudulent under 6 Del. C. § 1304(a)(1) because they were made with the actual intent to hinder, delay, or defraud Essociate and other creditors of Epic.

43. That actual intent is demonstrated by, without limitation, the following factors: (1) Epic's transfers to Social Assets and Does 1–10 were to insiders, namely the former executive management of Epic; (2) the transfers were concealed; (3) shortly before the transfers was made, Epic had been sued by Essociate for patent infringement; (4) the consideration Epic received for the transfers was not reasonably equivalent to the value of the assets transferred to Social Assets and Does 1–10; (5) Epic was insolvent either before or shortly after the transfers were made; and (6) the transfers were made either shortly before or shortly after a substantial debt was incurred by Epic.

44. Additionally those transfers were and are fraudulent under 6 Del. C. § 1304(a)(2)(a) because Epic made the transfers without receiving a reasonably equivalent value in exchange for the transfer, and Epic was engaged in business for which Epic's remaining assets were unreasonably small in relation to that business.

45. Additionally those transfers were and are fraudulent under 6 Del. C. § 1304(a)(2)(b) because Epic made the transfers without receiving a reasonably equivalent value in exchange for the transfer, and Epic intended to occur, or believed or

reasonably should have believed that it would incur, debts beyond Epic's ability to pay those debts as they became due.

## DEMAND FOR JURY TRIAL

46. Essociate demands a trial by jury under Federal Rule of Civil Procedure 38(b).

## RELIEF REQUESTED

WHEREFORE, Essociate asks this Court to enter judgment against Defendants and against Defendants' subsidiaries, affiliates, agents, servants, and employees and all persons in active concert or participation with them, granting the following relief:

A. A judgment or order declaring that Defendants have infringed, induced others to infringe, and/or contributorily infringed the '660 Patent;

B. A judgment, order, or award of damages adequate to compensate Essociate for Defendants' infringement of the '660 Patent, based on lost sales, lost profits, price erosion, loss of market share, or any other applicable theory, together with prejudgment interest from the date infringement of the '660 Patent began;

C. Preliminary and permanent injunctions prohibiting further infringement, inducement, and contributory infringement of the '660 Patent;

D. A finding that this case is exceptional and an award to Essociate of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

E. Increased damages as permitted by 35 U.S.C. § 284, together with prejudgment interest;

F. A judgment or order declaring that Social Assets is liable for Epic's infringement as its successor;

G. A judgment or order declaring that Social Assets and Does 1–10 are Epic's alter egos and therefore liable for Epic's torts, including patent infringement;

H. A judgment or order declaring that Epic has fraudulently transferred assets to Social Assets and Does 1–10 and avoiding such transfers to the extent necessary to satisfy Essociate's claims; and

I. Such other and further relief as this Court or a jury may deem proper and just.

Dated September 26, 2012.  Respectfully Submitted,

NEWMAN DU WORS LLP

/s/ Derek Linke
Derek A. Newman
Derek Linke
John Du Wors
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801
*derek@newmanlaw.com*
*linke@newmanlaw.com*
*john@newmanlaw.com*

Attorneys for Plaintiff Essociate, Inc.