IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESSOCIATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AZOOGLE.COM, INC., and EPIC MEDIA GROUP, INC., <br><br> Defendants. | CASE NO. 3:11-cv-00727-bbc |

ESSOCIATE, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR
MISCELLANEOUS RELIEF REGARDING THE LOCATION OF THE DEPOSITION
OF DON MATHIS

## I.   INTRODUCTION

After cancelling a key witness's previously scheduled deposition on less than 24-hours-notice (causing Essociate significant expense and hardship)[1], Defendants now burden Court and counsel with an all-but frivolous motion seeking to relocate the same witness's rescheduled deposition seventeen miles in order to spare the witness the alleged horrors of a 20-to-30 minute cab ride (or a 40-minute subway ride). Defendants seek this extraordinary relief despite the longstanding general rule that "a party may unilaterally choose the place for deposing an opposing party" and without offering to cover any of the expenses created by the last-minute change in venue. Esssociate respectfully requests that the Court deny the Defendants' motion.

## II.   FACTS

In mid-December the parties agreed that Essociate would depose Don Mathis—the CEO of Defendant Social Assets, LLC—in New York City on January 4th.

---

[1] Plaintiff reserves the right to bring a separate motion to recover those expenses if on-going negotiations with Defendants do not result in prompt reimbursement.

1

(Declaration of John Du Wors ("Du Wors Decl.") ¶ 2, Ex. A.) Essociate arranged for a court reporter and videographer, and its counsel altered his holiday travel plans in order to prepare for and attend that deposition. (Du Wors Decl. ¶ 3.) The day before the deposition, Defendants announced that Mr. Mathis was too ill to attend the deposition and would not appear. (Du Wors Decl. ¶ 4, Ex. B.) This last-minute cancellation cost Essociate and its counsel thousands of dollars of wasted airfare, accommodations and attorney and staff time. (Du Wors Decl. ¶ 5.)

In the context of rescheduling the depositions, Essociate offered to come to Chicago instead of New York on the theory that it would be easier for Defendants' counsel (who are located in Madison). (Du Wors Decl. ¶ 6.) The parties eventually agreed to reschedule the cancelled deposition for January 21 in Chicago and Essociate properly noted and served a notice of deposition and booked non-refundable travel accommodations (to get the least expensive rates). (Du Wors Decl. ¶ 7, Ex. C.) Essociate noted the deposition for downtown Chicago (rather than near the airport) for several reasons. (Du Wors Decl. ¶ 8.) First, the location permits Essociate to use its preferred court reporter for this important deposition. (*Id.*) And, equally important, the location is nearby a photocopy shop and several law libraries which is necessary to allow Essociate's counsel to properly prepare for the deposition (including the photocopying of exhibits). (*Id.*)

Finally, Defendants overstate the hardship posed by travelling from downtown Chicago to O'Hare International Airport. The airport is less than 20 miles from the deposition location. (Du Wors Decl. ¶ 9, Ex. D.) Even in rush hour, a cab ride should not take more than 30 minutes. (*Id.*) And, in any case, the deposition location is 500 feet from

2

a subway stop with trains leaving every four minutes for the airport and a total travel time of just under 40 minutes. (*Id.*)

### III.     ARGUMENT

In the Seventh Circuit, it is well-established that "[a]s a general rule a party may unilaterally choose the place for deposing an opposing party." *See New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 465 (N.D. Ill. 2007) (citing C.Wright & A. Miller, *Federal Practice and Procedure*, § 2112 at 72-73 (1994)). Here, Essociate worked cooperatively with Defendants to select a convenient location after the Defendants had already unilaterally cancelled a previous deposition at the eleventh hour. Now Defendants once again seek a last-minute change in venue—this time for the sole reason that the witness would prefer not to spend half an hour in a cab and, apparently, refuses to even consider taking public transportation. Such a flimsy rationale provides no reason to disrupt the deposition—and force Essociate to incur yet more costs—especially since Defendants are "the author of [their] own dilemma". *New Medium Techs, LLC.*, 242 F.R.D. at 469.

Furthermore, the lone case cited by Defendants in their moving papers—*Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005)—is inapposite. There, the court refused to force a witness to travel thousands of miles (from Ohio to Connecticut) in a situation where the parties had not agreed on the location of the deposition. Here, the parties agreed on the general location (Chicago) for Mr. Mathis' rescheduled deposition. Yet Defendants are seeking the intervention of a federal district court with a full docket simply because they dislike the specific venue selected by Essociate (who bears the burden of arranging and paying for the deposition). The minor

hardship of a cab or subway ride does not warrant the extraordinary expense of motions practice that Defendants have resorted to.

For the foregoing reasons, Essociate respectfully requests that the Court deny Defendants' motion and order Mr. Mathis to appear for his deposition as scheduled.

Dated this 17th day of January, 2013.

NEWMAN DU WORS LLP

/s/ Derek Linke
Derek Linke
John Du Wors
1201 Third Avenue, Suite 1600
Seattle, WA  98101
Telephone:     (206) 274-2800
Facsimile:     (206) 274-2801
*linke@newmanlaw.com*
*john@newmanlaw.com*

Attorneys for Plaintiff Essociate, Inc.