IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESSOCIATE, INC, <br><br> Plaintiff, <br><br> v. <br><br> EPIC MEDIA GROUP, INC., AZOOGLE.COM, INC., AND SOCIAL ASSETS, LLC d/b/a Kinetic Social, <br><br> Defendants. | Case No. 11-cv-727-bbc |

**PLAINTIFF ESSOCIATE, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' BILL OF COSTS (Dkt. No. 126)**

## I.  INTRODUCTION

Defendants Epic Media Group, Inc., Azoogle.com, Inc., and Social Assets, LLC (collectively, "Epic") ask for virtually every expense they incurred defending this matter, regardless of whether they are entitled to it. Epic's request for reimbursement of unused video deposition copies and other unnecessary deposition-related expenses should be denied. And Epic's unsubstantiated request for photocopies—without explaining why it needed them in this electronically-documented and filed case—should be denied.

Epic's request for $15,760.98 should be pared down to what Epic is actually entitled to: $6,937.50 for the deposition transcripts it used.

## II.  ARGUMENT

**A.  Epic is not entitled to video deposition costs.**

Epic claims $3,981.00 in costs for videotapes of deposition testimony. *See* Dkt. No. 127-1 at p. 2. But Epic is only entitled to "Fees for printed <u>or</u> electronically recorded transcripts <u>necessarily obtained for use in the case</u>." 28 U.S.C. 1920(2) (emphasis added.) Epic obtained both video and transcribed copies of the depositions, and did not use the videotapes. The videotapes were completely unnecessary to Epic's summary judgment motion. Epic cannot

double-recover for both printed and electronically recorded transcripts, and cannot recover for videotapes it neither needed nor used. The entire amount for video depositions should be denied.

**A.   Epic is only entitled to fees for copies of depositions it necessarily obtained, not unnecessary extra services or unused depositions.**

28 U.S.C. § 1920(2) does not allow every expense related to taking depositions. Instead, it limits recovery to only "fees for printed [] transcripts necessarily obtained for use in the case." Epic asks to recover every deposition transcript, regardless of whether it was used in the case.

But Epic relied primarily on declarations, not deposition transcripts, in support of its motion for summary judgment. Epic set forth the limited transcripts it actually used in its statement of facts supporting its summary-judgment motion in Docket No. 90. Epic also asks for a whole gamut of optional and unnecessary costs, including costs for "email delivery", "Handling & Delivery", "PTX File" and other unexplained entries. Dkt. 127-2, esp. pp. 3-5. Epic should be limited to only those transcripts it actually used in moving for summary judgment and only for the fees for the printed transcripts, not unnecessary extra charges. Epic should be limited to a total of $6937.50 for preparation of those deposition transcripts. *Compare* Dkt. No. 90 with Dkt. Nos. 127-2-3.

**B.   Epic's photocopy costs should be denied because they are improperly documented.**

Epic asks for a total of $3,390.63 in photocopy costs. But the statute only allows recovery of "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The parties produced discovery documents electronically, and all copies of motions and supporting documents were filed electronically with the court. Epic has no explanation for the vast majority of documents Epic copied: the supporting documents simply indicate "Photocopying: Black & White" and the date and time the copies were made. For a few entries, Epic claims it copied the documents for deposition preparation, but fails to indicate for each specific entry how many copies were made or the cost. Epic has failed to prove that any of the copies were "necessarily obtained for use in the case" and the entire amount should be disallowed.

## III.    CONCLUSION

Epic asks this Court to mandate payment of a whole gamut of unnecessary expenses. Epic's costs should be limited to the deposition transcripts it necessarily obtained.

Dated September 3, 2013.

Respectfully Submitted,

NEWMAN DU WORS LLP

s/ Derek Linke
Derek A. Newman
John Du Wors
Derek Linke
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone:      (206) 274-2800
Facsimile:  (206) 274-2801
*derek@newmanlaw.com*
*john@newmanlaw.com*
*linke@newmanlaw.com*

Attorneys for Plaintiff
Essociate, Inc.