UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

ESSOCIATE, INC.,

    Plaintiff,

v.                                           Case No. 11-cv-727-bbc

EPIC MEDIA GROUP, INC., et al.,

    Defendants.

---

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS**

---

The defendants request a modest award of taxable costs for a year and a half of complex, contentious litigation. Essociate's objection is, to put it mildly, ill-founded.

As the prevailing parties in this suit, defendants (Epic Media Group, Inc., Azoogle, Inc., and Social Assets, LLC ("Epic")) are entitled to an award of costs as a matter of course and they have requested reimbursement for their recoverable costs under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54. Epic's request for $15,760.98 is entirely reasonable, even modest, compared to many of this Court's awards of costs in patent infringement cases. *See* Opinion and Order on costs, *Toshiba Corp. v. Imation Corp., et al.*, 09-305, Dkt. 300 (W.D. Wis. July 26, 2011) (unpublished) (J. Crocker) (upholding $185,846.79 in costs to prevailing party); *see also e2Interactive, Inc., and Interactive Communications Int'l, Inc. v. Blackhawk Network, Inc.*, 09-629, Dkt. 548 (W.D. Wis. Feb. 21, 2013) (unpublished) (Oppeneer) (awarding $121,012.26 in costs to prevailing party). Epic has not asked "for virtually every expense [ ] incurred defending this matter"—far from it. Epic seeks only items properly taxed as costs, but it incurred much greater expenses for lodging, travel, and other items associated with depositions for which it is not seeking reimbursement.

**ARGUMENT**

Fed. R. Civ. P. 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Courts recognize a "'strong presumption created by [Fed. R. Civ. P. 54(d)] that the prevailing party will recover costs.'" *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) (quoting *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997)).  The following categories of allowed costs are established by 28 U.S.C. § 1920: fees for printed or electronically-recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for exemplification and the costs of making copies of any materials where the costs are necessarily obtained for use in the case, and docket fees under section 1923. Although a district court has discretion when awarding costs, that discretion "is 'narrowly confined' because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras*, 119 F.3d at 1295. "Generally, only misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." *Id.* (citation omitted.)  Essociate has not alleged misconduct nor an inability to pay in its objections to Epic's bill of cost. *See* Plaintiff Essociate, Inc.'s Memorandum in Opposition to Defendants' Bill of Costs, Dkt. 128.  Thus, Epic is entitled to its recoverable costs under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54 as articulated in its bill of costs. *See* Bill of Costs, Dkt. 126.

**I.      Epic is entitled to its video deposition costs.**

Video-related deposition fees are recoverable under Fed. R. Civ. P 54(d)(1)— notwithstanding the fact that this case was decided on summary judgment. Essociate argues, without citing to any case law and despite well established precedent to the contrary, that Epic should not be able to recover its $3,981.00 in video-related deposition costs because the videos

2

were not used to prepare for its summary judgment motion. In *Z-Trim Holdings, Inc. v. Fiberstar, Inc.*, No. 07-161, 2008 WL 3843507 (W.D. Wis. Aug. 12, 2008) (J. Crabb) (unpublished), decided on summary judgment, this court upheld an award of $6,595.00 for video-related fees related to eight depositions. In *Z-Trim*, the court refused to conclude that it was unreasonable for defendant to "play it safe" by videotaping depositions when there is "even a slight chance that the witness may not be present at trial." *Id*. at *1.

Video depositions were necessary in this case. Essociate initiated the practice of using video recorded depositions and Epic followed suit. Five of the deponents were noticed for video depositions by Essociate, which could have used those video recording for impeachment purposes. The *Z-Trim* court expressly acknowledged that this is a legitimate reason to video record a deposition. *Id*. The video depositions of the two main owners of Essociate were also justified because Epic did not know who would end up testifying for Essociate at trial—another purpose expressly deemed legitimate in *Z-Trim*. *Id*.

**II.     Epic is entitled to its other deposition-related costs.**

Essociate's position that Epic is not entitled to its other deposition-related costs also fails. Epic has requested a grand total of $11,779.98 for the documents associated with the depositions it took in this case—$3,390.63 for exemplification and copies, and $8,389.35 for deposition transcripts. Epic is not required to document exactly how and why every page it copied in this litigation was directly related to a fact that it used in its motion for summary judgment. *See Sunbeam Products, Inc. v. Homedics, Inc.*, 08-376, 2010 WL 2571983, at *1 (W.D. Wis. June 21, 2010) (unpublished) ("the court generally does not 'conduct a painstaking inspection of the costs to determine that certain costs are "reasonable and necessary" to the litigation'" (citing *Z Trim,* 2008 WL 3843507, at *2; *Anderson v. Griffin,* 397 F.3d 515, 522 (7th Cir. 2005); *Taco Bell Corp. v. Continental Cas. Co.,* 388 F.3d 1069, 1075 (7th Cir. 2004)). The relatively small

3

sum Epic is requesting in copy costs—$3,390.63—does not justify the time required for counsel or this Court to painstakingly evaluate each and every copy made during what is now nearly two years of litigation. The fact that Essociate produced its documents electronically is similarly irrelevant—the defendants are entitled to make hard copies of those documents for use by counsel in preparing for depositions and for summary judgment.

Essociate asserts that, because Epic "relied primarily on declarations, not deposition transcripts, in support of its motion for summary judgment" it should only be permitted to recover the costs associated with its statement of facts in support of its summary judgment motion. Again, Essociate provides no legal support for this argument and none exists. In *Valmet Paper Machinery, Inc. v. Beloit Corp.*, No. 93-587, 1995 WL 661241, at *1 (W.D. Wis. Aug. 15, 1995) (J. Crabb) (unpublished), the court noted that copies may be "'necessarily obtained for use in the case' if lawyers use them to prepare for depositions or to provide evidence to a jury." *Id*. (citation omitted.) In *Valmet Paper*, the court allowed the prevailing party's costs and noted that "the sheer magnitude and complexity of this case would compel a party to retain a copy of each document produced in discovery to curtail surprise at trial or the possibility of malpractice." *Id*.; *see also Thompson v. Eaton Corp.*, No. 02-1243, 2003 WL 23200258, at *1 (W.D. Wis. May 12, 2003) ("Defendant is correct when it argues that 28 U.S.C. § 1920(4) entitles it to recovery of the cost of photocopying materials for discovery, provided that the number of copies is reasonable.") In this case, Epic obtained a reasonable amount of transcripts and copies during discovery and in preparation of summary judgment and a potential trial. Epic is entitled to reimbursement of those costs as the prevailing party in this case.

## CONCLUSION

As the prevailing parties in this litigation, the defendants should be allowed the full amount of their taxable costs, which they have properly requested and documented.

Dated:  September 12, 2013.

          By: *s/ James D. Peterson*
              James D. Peterson
              Jennifer L. Gregor
              Dustin B. Brown
              Kerry L. Gabrielson
              GODFREY & KAHN, S.C.
              One East Main Street, Suite 500
              Post Office Box 2719
              Madison, WI  53701-2719
              Phone: 608-257-3911
              Fax:    608-257-0609
              Email: jpeterson@gklaw.com
                    jgregor@gklaw.com
                    dbrown@gklaw.com
                    kgabrielson@gklaw.com

              *Attorneys for Defendants, Epic Media Group, Inc.,(f/k/a Azoogle.com, Inc.), and Social Assets LLC d/b/a Kinetic Social.*

10072198.1